UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

ONITY MORTGAGE CORPORATION, f/k/a PHH MORTGAGE CORPORATION,

Plaintiff,

- against -

MICHAEL PERRONE; HELEN WALSH-PERRONE; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY,

Defendants.[1]

---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

26-cv-2940 (BMC)

**COGAN**, District Judge.

Plaintiff brings this action based on diversity jurisdiction to foreclose on a mortgage. None of the interest holders of record have appeared, defaults have been entered against all defendants, and plaintiff has moved for a judgment of foreclosure and sale. The motion is granted.

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). However, before a court enters a default judgment, it must determine whether the allegations in the complaint establish liability as a matter of law. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). Additionally, the plaintiff still bears the burden of proving a "reasonable basis" for the relief requested. E. Sav.

[1] Plaintiff has also sued defendants John Doe 1-10, but has failed to identify or effect service on them within 90 days of the commencement of this action. They are therefore dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), and the Clerk is directed to amend the caption as set forth above.

Bank, FSB v. Robinson, 13-cv-7308, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016). An evidentiary hearing is not required so long as the plaintiff's affidavits and other documentary evidence provide a basis for the relief awarded. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

In a mortgage foreclosure action under New York law, "the lender must prove . . . the existence of an obligation secured by a mortgage, and a default on that obligation." R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 n.2 (2d Cir. 1997) (citations and internal quotation marks omitted); see also E. Sav. Bank, FSB v. Ferro, No. 13-cv-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015). "[O]nce a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." E. Sav. Bank, FSB v. Evancie, No. 13-cv-00878, 2014 WL 1515643, at *4 (E.D.N.Y. April 18, 2014); see also Fleet Nat'l Bank v. Olasov, 16 A.D.3d 374, 793 N.Y.S.2d 52 (2nd Dep't 2005) (holding that the plaintiff "established its *prima facie* entitlement to a judgment" by submitting the mortgage, the unpaid note, and evidence of the mortgagors' default).

The documents submitted on the motion establish a *prima facie* case for a judgment of foreclosure and sale. The documents show that defendants Michael Perrone and Helen Walsh-Perrone executed a note in favor of United Northern Mortgage Bankers Limited on December 2, 2019, together with a mortgage on the property at issue, which mortgage was recorded on December 9, 2019. The mortgage was then assigned through several assignees until it came to be held by our plaintiff, Onity Mortgage Corporation f/k/a as PHH Mortgage Corporation.

The Perrones missed the payment due January 1, 2025 and have not made any since. All required notices have been sent to them. According to plaintiff, damages accruing since default

come to $605,886.11, including attorneys' fees and costs of $6,825, which are reasonable. However, damages will not be awarded at this time as plaintiff has elected to foreclose on the mortgage rather than sue for money damages. See N.Y.R.P.A.P.L. § 1301. Nevertheless, plaintiff's proof of damages will be useful to the referee in determining how much plaintiff can "bid in" for the property at the foreclosure sale, if it chooses to do so, or how much another bidder will need to offer to pay off the mortgage, or the extent of any deficiency judgment to plaintiff.

Accordingly, plaintiff's motion for default judgment is granted. A judgment of foreclosure and sale will be entered separately pursuant to Fed. R. Civ. P. 58(a).

**SO ORDERED.**

Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
October 9, 2026